ReedSmith

**Kaela Dahan**
Direct Phone: +1 212 549 4254
Email: kdahan@reedsmith.com

**Mark E. Bini**
Direct Phone: +1 212 549 0296
Email: mbini@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

November 25, 2026

**VIA ECF**

The Honorable James Patrick Hanlon
United States District Judge
Southern District of Indiana
46 East Ohio Street, Room 307
Indianapolis, Indiana 46204

**Re: *SEC v. Backward Hat Capital Management LLC, et al.*, No. 1:26-cv-02482-JPH-CSW; *CFTC v. Phillip Williams, et al.*, No. 1:26-cv-02477-JPH-CSW**

Dear Judge Hanlon:

We represent Defendant Phillip Williams in the above-captioned actions. Undersigned counsel was retained approximately 24 hours ago and immediately contacted counsel for the Temporary Receiver, the SEC, and the CFTC to request a brief extension of today's 5:00 p.m. deadline to allow us to get up to speed on these parallel proceedings, consult with Mr. Williams, and assess his rights and obligations under the Court's November 19, 2026 Receivership Order (CFTC Dkt. 19; SEC Dkt. 23). Because the Temporary Receiver and Plaintiffs declined that request, we are concurrently filing, before today's 5:00 p.m. deadline, Mr. Williams's formal Motion for Relief Asserting Fifth Amendment Privilege Against Self-Incrimination and to Vacate Show-Cause Hearing, pursuant to the express Fifth Amendment carve-outs in Paragraphs 6, 7, 8, 9, and 12 of the Receivership Order.

Mr. Williams does not seek to impede the Temporary Receiver's access to corporate records. Rather, he seeks to preserve his constitutional protection against compelled self-incrimination while a parallel criminal prosecution arising from the exact same alleged conduct is pending against him in the Southern District of New York, *United States v. Williams, et al.*, No. 1:26-mj-4880. The Court anticipated precisely this circumstance: the Order Appointing Temporary Receiver conditions each of Mr. Williams' disclosure obligations on the absence of a motion for relief asserting his Fifth Amendment rights. This is that motion.

Each of the three parallel proceedings rests on the same theory: that Mr. Williams participated in a fraudulent forex investment scheme. Compelling Mr. Williams to recall and disclose passwords, passcodes, or cryptographic keys, or to prepare sworn asset or device schedules implicates his Fifth Amendment rights to the extent that doing so requires him to disclose the contents of his own mind or

engage in testimonial acts of production establishing his personal knowledge, possession, or control. *See United States v. Hubbell*, 530 U.S. 27, 43 (2000) (Fifth Amendment privilege against self-incrimination protects a witness from being compelled to produce incriminating documents when the act of production is testimonial); *SEC v. Huang*, No. 15-269, 2015 WL 5611644, at *2-4 (E.D. Pa. Sept. 23, 2015) (protecting corporate executives who refused to produce passcodes, holding "[s]ince the passcodes to Defendants' work-issued smartphones are not corporate records, the act of producing their personal passcodes is testimonial in nature and Defendants properly invoke their fifth Amendment privilege.").

Now that the Temporary Receiver has assumed control of the corporate entities pursuant to Paragraph 5 of the Receivership Order, there are alternative avenues available to obtain corporate records without implicating Mr. Williams's Fifth Amendment rights. First, federal authorities in the parallel criminal proceedings have already seized Mr. Williams's computer and mobile phone, thereby securing those devices and the records stored on them. The Temporary Receiver can coordinate directly with the DOJ pursuant to Paragraph 5(m) to seek access to relevant corporate records. Second, the Temporary Receiver can seek assistance directly from third-party service providers such as Google, including through administrative credential resets for corporate accounts. Undersigned counsel stands ready to confer immediately with the Temporary Receiver regarding these alternatives and the protocol contemplated by Paragraph 13 to protect attorney-client privileged communications and personal, non-business records.

Given Mr. Williams's timely invocation of the Fifth Amendment protections expressly contemplated by the Receivership Order, and the availability of alternative means for the Temporary Receiver to obtain corporate records, we respectfully request that the Court grant his Motion and vacate the show-cause hearing scheduled for Monday, November 30, 2026, at 3:00 p.m. Alternatively, we respectfully request that the Court adjourn the hearing pending resolution of the Motion. In the interim, to the extent the filing of the Motion does not itself suspend the disputed disclosure and production obligations, we respectfully request that the Court suspend those obligations and decline to impose any sanctions for withholding the disputed information while the Motion remains pending. Should the Court wish to proceed with the hearing as scheduled, we respectfully request that counsel be permitted to appear remotely and that Mr. Williams's personal appearance, to the extent required, be excused.

Respectfully submitted,

*/s/ Kaela Dahan*
Kaela Dahan (*pro hac vice* pending)
Mark E. Bini (*pro hac vice* pending)
REED SMITH LLP

*Counsel for Defendant Phillip Williams*

cc: All Counsel of Record (by ECF)
Kevin B. Duff, Temporary Receiver (by email)